312 So.2d 700 (1975)
Lester HOLLOWAY
v.
STATE of Mississippi.
No. 48283.
Supreme Court of Mississippi.
May 12, 1975.
*701 S.E. Allen, Jr., Hazlehurst, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
SMITH, Justice.
On February 18, 1964, the grand jury of Copiah County returned two indictments against Lester Holloway for assault and battery with intent to kill and murder. He was not arraigned until November 21, 1973. The cases grew out of the same incident and, by consent, they were tried together. The jury returned a verdict of guilty in each case, and two seven-year sentences were imposed, to run consecutively. It is from those convictions that Holloway has appealed here.
Holloway's defense was that he had been insane and incapable of distinguishing between right and wrong when the alleged offenses were committed on November 23, 1963.
It is undisputed that on May 26, 1962, Holloway had been diagnosed as suffering from a mental disorder, described as "schizophrenic reaction, paranoid type," and that he had been committed to Mississippi State Hospital at Whitfield on June 29, 1962 by the chancery court. Following treatment, Holloway was released on August 18, 1962, but was readmitted on May 29, 1963. On July 29, 1963, during a period of remission, he was released from the hospital again. The alleged assaults, for which he was prosecuted, occurred during this period, on November 23, 1963, and Holloway was returned to the hospital three days thereafter, on November 26, 1963.
During the approximately ten years, which elapsed between November 26, 1963, the date on which he had been returned to the hospital following the incident here involved, and November 19, 1973, when he was released in what is described as a state of remission and capable of standing trial, Holloway has been confined in the Mississippi State Hospital at Whitfield. The facts of the assault are not in dispute. Holloway's defense was based upon a contention that he was insane when the acts constituting the assault and battery were committed, and had not been able to distinguish between right and wrong.
The jury rejected this defense in finding Holloway guilty, and the trial judge sentenced him to serve two consecutive terms of seven years.
The case is one of unusual difficulty. After reading and carefully considering the testimony in the record, we are forced to the conclusion that the verdict, which implicitly includes a finding that Holloway was sane at the time of the incident, is against the overwhelming weight of the evidence and that a new trial should be ordered.
The record leaves no doubt that Holloway was insane as early as May 26, 1962 or that he was so adjudicated. Nor does it seem possible to imagine that the brief interludes involving his release from the hospital on August 18, 1962, and readmission on May 29, 1963, and his release on July 29, 1963, which lasted through November 23, 1963, the date of the alleged assault, involved more than remissions in his condition. The testimony that his mental condition was such at the time of the assault as to render him incapable of distinguishing between right and wrong is clear, convincing and unequivocal. It comports with his ten year confinement as a mental case following the assault. The opposing evidence is sketchy, general, supported only by slight circumstances, the relevancy and probative value of which are dubious. Holloway's conduct immediately preceding and in the course of the assault was not *702 inconsistent with that of a man suffering from a seriously disordered mind. While the question presented by the evidence is close indeed, we are unable to say with complete confidence that Holloway's sanity at the time of the assault was established sufficiently to support a finding beyond a reasonable doubt that he was sane. Gambrell v. State, 238 Miss. 892, 120 So.2d 758 (1960); Waycaster v. State, 185 Miss. 25, 187 So. 205 (1939); Bishop v. State, 96 Miss. 846, 52 So. 21 (1910).
While it is not suggested that his ten year confinement in a state mental institution as a lunatic is conclusive of the question of Holloway's sanity at the time the assault and battery was committed, (which had been the immediate cause of his confinement), his conviction of that offense ten years afterward, involving, as it did, a finding that Holloway had been sane at the time of the act, is a denouement not untinged with irony.
Like other cases of this nature the courts are confronted with the absolute necessity of protecting society from the acts of the dangerously insane. There is no ready or perfect answer to the question as to what should be done with these wretched and unfortunate people. Mississippi Code Annotated Section 99-13-7 (1972) is a reflection of a legislative effort to provide a formula to meet the requirements of such cases. It appears that the evidence in this case presents serious questions as to (1) whether Holloway was not guilty by reason of insanity on November 23, 1963, and if so, (2) whether he is, or is not, now dangerous to the community.
The verdict was against the overwhelming weight of the evidence on the issue of Holloway's sanity and the case will be reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.